UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BRIAN CHAMBERS,                                             :

                      Petitioner,                                :

    -against-                                                      :        20-CV-03429 (ERK)

ANTHONY J. ANNUCCI, Acting Commissioner            :
   of the Department of Corrections and Community
   Supervision,                                                   :

                      Respondent.                              :
------------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# PETITION FOR A WRIT OF HABEAS CORPUS

      This memorandum of law is submitted in reply to the Affidavit and Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Opposition"), filed by the State on October 19, 2020.

## ARGUMENT

THE STATE COURT'S AFFIRMANCE OF PETITIONER'S CONVICTION DESPITE THE ABSENCE OF EVIDENCE TO ESTABLISH THAT HE ACTED WITH DEPRAVED INDIFFERENCE WAS AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED LAW AND PETITIONER IS ENTITLED TO HABEAS RELIEF.

      Under well-established authority from the New York Court of Appeals, petitioner did not act with depraved indifference, rendering the proof of reckless endangerment in the first degree insufficient, because the State's trial evidence showed

that petitioner actively sought to avoid harm. For this reason, the ruling of the New York Appellate Division, Second Department, affirming his conviction was not merely incorrect but an unreasonable application of the *Winship/Jackson* sufficiency rule because no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Wheel v. Robinson*, 34 F.3d 60, 66 (2d Cir. 1994) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 [1979]); *see* 28 U.S.C. § 2254(d)(1). Accordingly, petitioner is entitled to habeas relief.

Preliminarily, respondent concedes—as he must—that petitioner purposely made efforts to avoid other cars, and that under controlling Court of Appeals precedent, proof a defendant swerved to avoid other vehicles, even while fleeing police, renders the evidence legally insufficient to establish depraved indifference (Resp. Opp., p. 5-6, 12). *See People v. Maldonado*, 24 N.Y.3d 48 (2014) (insufficient evidence to prove depraved indifference where defendant "actively attempt[ed] to avoid hitting other vehicles by swerving, conduct which establishes a lack of depraved indifference"; internal quotation marks omitted). On this basis alone, therefore, the evidence was insufficient to prove the requisite *mens rea* to convict petitioner of first degree reckless endangerment, *see Maldonado*, 24 N.Y.3d at 53-54, and the State court's ruling to the contrary was an unreasonable application of clearly established federal law.

In their response, respondent focuses exclusively on petitioner's actions during an isolated portion of the charged incident to argue there was sufficient evidence of

depraved indifference (Resp. Opp., p. 12-13).[1] Respondent attempts to defend the State court's judgment by insisting that only a small, 16-block portion of the 5.5 mile police chase should be relevant to establishing petitioner's *mens rea*, and that petitioner's behavior during that discrete period of time proved that he acted with depraved indifference (Resp. Opp., p. 12-13). Both arguments are contrary to established New York law.

First, every case previously decided by New York appellate courts, and relied on by respondent, has considered the totality of the defendant's conduct in evaluating the evidence of depraved indifference, finding that *mens rea* proven *only* when a defendant made *no attempt* to avoid other vehicles or otherwise mitigate the risk of her conduct. *See, e.g.*, *People v. Heidgen*, 22 N.Y.3d 259, 277 (2013) (depraved indifference proven where defendant "drove the wrong way on the highway for over two miles without reacting to other drivers coming at him, car horns, or wrong way signage," and "appeared to follow, or track, the headlights of oncoming vehicles," thereby engaging in "what amount[ed] to a high speed game of chicken"); *People v. Taylor*, 22 N.Y.3d 259, 271-72, 277-78 (2013) (same, where defendant drove "at speeds between 80 and 90 miles per hour, without headlights, on the wrong side of the road," and "did not slow down, sound her horn or make any attempt to swerve"); *People v. McPherson*, 22 N.Y.3d 259, 273, 279 (2013) (same, where defendant "drove at excessive speed, in the wrong

---

[1] Because respondent concedes that petitioner has properly exhausted his claim (Resp. Opp., p. 3), there are no procedural bars to review of petitioner's habeas claim.

direction on the parkway for about five miles," and "[d]uring that time—more than four minutes—[he] did not appear to apply his brakes and several oncoming cars swerved to avoid him"); *People v. Williams*, 150 A.D.3d 1273 (2d Dept. 2017) (same).

That New York courts require consideration of the totality of a defendant's actions is not surprising, since depraved indifference is a culpable mental state frequently proven by circumstantial evidence. *See People v. Feingold*, 7 N.Y.3d 288, 296 (2006). Thus, respondent's insistence that only a small portion of a defendant's conduct—the portion they believe serves their purpose—should be relevant to his state of mind is completely contrary to the terms of the statute and every single prior holding from the New York Court of Appeals. The entirety of petitioner's conduct during the December 2nd incident was relevant to his state of mind, and, as a whole, his actions were legally insufficient to establish depraved indifference because, as respondent concedes, they evinced clear evidence of his efforts to avoid hitting other vehicles.

Second, even considering the 16-block portion of the chase respondent focuses on, petitioner's conduct, while unquestionably reckless, still demonstrated that he actively sought to mitigate the risk of his actions. During that period, petitioner drove in the middle of the road, riding the yellow lines, while swerving around and between vehicles, at only 40 miles per hour. Contrary to respondent's claim, this is decidedly *not* akin to a "high speed game of chicken" (Resp. Opp., p. 12). That language, taken from *Heidgen*, 22 N.Y.3d at 277, involved evidence that the defendant drove drunk and on the wrong side of a divided highway at 2 a.m. at approximately 80 miles per hour for

4

2.5 miles and "appeared to follow, or track, the headlights of oncoming vehicles," as if inviting a collision. *Id.* Petitioner's conduct here was far less risky. And the fact respondent even attempts to equate petitioner's driving over the center yellow lines of the street at 40 miles per hour with the defendant's in *Heidgen* shows just how unreasonable the State court's decision was finding sufficient proof of depraved indifference.

Respondent's attempts to equate petitioner's conduct during this portion of the incident with the defendants in *McPherson* and *Williams* is similarly unavailing (Resp. Opp. p. 14-15). Like in *Heidgen*, in *McPherson*, the defendant also drove the wrong way down a divided highway for 5 miles at a speed of 70 to 75 miles per hour, made absolutely no attempt to even brake or otherwise avoid vehicles, even after a truck driver blew his air horn for three to four seconds to warn the defendant, and eventually crashed head-on with another car, instantly killing the driver. *McPherson*, 22 N.Y.3d at 273-74. In *Williams*, the defendant, intoxicated, high on marijuana, and driving with a suspended license, did not slow down at all as he passed through red lights and stop signs, before accelerating at a speed of 80 miles per hour down a narrow side street and collided head-on with a vehicle with such force that he actually split the car in two and instantly killed a passenger. *Williams*, 150 A.D.3d at 1273-75. These facts were sufficient in both cases to prove depraved indifference, and in *Williams*, the State court emphasized that there were no skid marks, which indicated that the defendant did not even attempt to slow down or avoid the crash. *Williams*, 150 A.D.3d at 1274.

Here, by contrast, although some cars moved out of the way, petitioner took affirmative steps to avoid cars travelling on both sides of the road by driving in the middle of the road at approximately 40 miles per hour, a controllable speed that was 30 to 40 miles slower than the outrageously high speeds of the defendants in *McPherson* and *Williams*. Respondent counters that these facts are analogous to *McPherson* because petitioner "sped significantly for more than five miles, ignored traffic signs, and repeatedly caused cars to swerve out of his way" (Resp. Opp., p. 14-15). But that grossly understates the depravity of the defendant's actions in *McPherson* and would elevate any reckless driving case into a "depraved indifference" crime – again highlighting how the State court's decision here was an unreasonable application of the controlling law. Unlike in *McPherson*, petitioner was not barreling toward other drives with not regarding for their safety, but drove on the yellow lines only to avoid other cars before returning to the correct side of the road.  In doing so, he consciously sought to mitigate the risk of his actions by "'actively attempt[ing] to avoid hitting other vehicles' by swerving, conduct which establishes a lack of depraved indifference." *Maldonado*, 24 N.Y.3d at 53-54 (quoting *Heidgen*, 22 N.Y.3d at 276).

Finally, respondent suggests that petitioner's prevailing claim is that "a defendant whose main purpose is to flee from police cannot be guilty of depraved-indifference reckless endangerment" (Resp. Opp., p. 16). Petitioner argues no such thing.  New York law makes clear that a defendant's conduct while fleeing police can establish depraved indifference, as in *Williams*, 150 A.D.3d 1273 (2d Dept. 2017), or not, as in *Maldonado*,

24 N.Y.3d at 53-54. The dispositive issue is whether, in the course of fleeing, the defendant made attempts to avoid hitting other vehicles and thus consciously sought to mitigate the risk of his actions, as petitioner did here.

Ultimately, the lengths respondent goes to equate petitioner's actions with those of the defendants in New York's governing depraved indifference decisions only confirms why the State court's affirmative of petitioner's conviction was not only wrong, but an unreasonable application of the clearly established *Winship/Jackson* sufficiency rule. Although the State court "'correctly identifie[d] the correct governing legal principle'" it "'unreasonably applie[d] that principle" to the facts here. *Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 [2000]). Accordingly, the State court's ruling that petitioner acted with depraved indifference was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

For the reasons stated above and in the petition, it is respectfully urged that this Court issue a writ of habeas corpus, order respondent to discharge petitioner from his unconstitutional custody, and grant such other and further relief as may be just and proper.

8

                          Respectfully submitted,

                          PAUL SKIP LAISURE (PL 5560)
                        Attorney for Petitioner

                        _____
                        By: MARK W. VORKINK (MV 3472)
                        APPELLATE ADVOCATES
                        111 John Street, 9th Floor
                        New York, New York 10038
                        (212) 693-0085, ext. 549

                        Rebecca J. Gannon, on the brief

November 6, 2020